## LUCIAN SKINNER v. WILLIAM BUCK et als.

MORTGAGE MADE BEFORE 1851.—A mortgage executed prior to the passage of the two hundred and sixtieth section of the Practice Act in 1851, was not a conveyance of a conditional estate to become absolute on a breach of condition, as at common law.

FORECLOSURE OF MORTGAGE BEFORE 1851.—If the owner mortgaged his property, and afterwards sold the same to a person other than the mortgagee, and the mortgage was foreclosed and property sold prior to 1851, the purchaser acquired no title if the mortgagor was the only party defendant. The grantee of the mortgagor was a necessary party defendant.

DIVESTING TITLE BY FORECLOSURE OF MORTGAGE.—A Legislative Act, divesting the title of the purchaser of property previously mortgaged by his grantor, by a foreclosure suit in which the mortgagor was alone defendant, would be unconstitutional.

PRACTICE ACT OF 1850 CONCERNING FORECLOSURE.—The three hundred and ninth section of the Practice Act of 1850, allowing a creditor to maintain his action to enforce a mortgage against the mortgagor alone, is to be construed as requiring the owner of the mortgaged property at the time of foreclosure to be made a defendant.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*W. T. Wallace*, for Appellant, argued that the law day of the mortgage having passed before Morehead's purchase, the title of Wells had become absolute, and cited *Merrit* v. *Lambert*, 7 Paige, 348 ; 2 Cruise's Digest, p. 66, Sec. 8 ; *Swett* v. *Horn et al.* 1 N. H. 333 ; *Brown et al.* v. *Cram*, Id. 171 ; Laws of 1850, p. 219, and Laws of 1851, p. 93, Sec. 260. He also contended that Morehead acquired only an equity of redemption which had become barred by the Statute of Limitations, and cited *Grattan* v. *Wiggins*, 23 Cal. 35, and 16 Ohio, 139.

*Clarke & Carpentier*, for Appellant, argued that the enforcement of mortgages under the Practice Act of 1850 was a proceeding *in rem* to subject the property to sale in satisfaction, and that the right of redemption in equity remained until barred by the statute, and cited 4 Kent, 136.

*S. O. Houghton*, for Respondents, argued that Sec. 309 of the Practice Act of 1850 was not intended to cut off the lien of a prior mortgagee by a proceeding to which he was not a party, and that if it had that construction it was unconstitutional, and that Morehead was not affected by the foreclosure in this case, and cited *Goodenow* v. *Ewer*, 16 Cal. 468, 469.

*Wm. Matthews*, also for Respondents, contended that at the date of this mortgage it was the settled law that if the mortgagor conveyed the mortgaged property, the purchaser was a necessary party in a foreclosure suit, and cited Story's Equity Pl., Secs. 196 and 197.

By the Court, SHAFTER, J.

This is an action of ejectment to recover possession of certain premises situate in the County of Santa Clara. The trial was by the Court, and the findings are to the effect that on the 3d of March, 1850, one Joseph S. Ruckel was seized in fee of the premises described in the complaint, and on that day mortgaged the same to one Wells, which mortgage was recorded four days subsequent to its date. The debt which the mortgage was given to secure fell due May 5th, 1850. On the 20th of July, 1850, Ruckel conveyed to W. G. Morehead the whole of the mortgaged premises except Lot Number Twenty. The deed was recorded on the 26th of the same month. On the 21st of October, 1850, Wells instituted proceedings against Ruckel to foreclose the mortgage, and on the 28th of December, 1850, he obtained the usual decree. The plaintiff became the purchaser at the Sheriff's sale and in due time obtained a Sheriff's deed. The foregoing are the facts of the plaintiff's title.

. It is further found that the defendants, on the 7th of October, 1861, acquired by deed of conveyance from Morehead all of the estate and interest which he acquired under the deed of Ruckel to him, July 25th, 1850, and that the defendants were in possession at the commencement of the action.

Judgment was rendered in favor of the plaintiff for a recovery of Lot Number Twenty—that is, for the premises demanded, less the portion conveyed by Ruckel to Morehead, and by him conveyed to the defendants.

The appeal is from the judgment, and plaintiff claims that on the findings he is entitled to judgment for the whole of the land embraced in his complaint.

This claim is put upon the ground that the mortgage, having been made prior to the Act of 1851 (Prac. Act. Sec. 260,) must be regarded as a conveyance of a conditional estate, to become absolute on breach of condition as at common law; and that the equity of redemption outstanding in Morehead was effectually foreclosed in the action against Ruckel, for the reason that the Practice Act of 1850 (Sec. 309,) in force at the time the suit was instituted, expressly provided that in proceedings to enforce a mortgage it should not be necessary to make other incumbrancers parties, but that the creditor might maintain his action "against the mortgagor alone."

The mortgage of Ruckel to Wells was executed prior to the adoption of the common law (April 30th, 1850;) but the plaintiff insists that it should be treated as a common law mortgage nevertheless, and for the reason that the civil law prior to the date named had been displaced or superseded by the usages of the people. Without going into the question, we shall assume for the purposes of the argument that the plaintiff's views upon that point are correct.

*Right of entry of mortgagor on mortgaged premises.*

Assuming, then, that Wells had a conditional estate in the land by force of the mortgage deed, at the date of its delivery, and that the estate became absolute at law on breach of condition, we have the exact case upon which the Court passed in *Grattan* v. *Wiggins*, 23 Cal. 16. Under that decision the mortgagee lost the right of entry, considered as a remedy, and the right of possession vested in Morehead as the successor of Ruckel, the mortgagor, on the passage of the two hundred and sixtieth section of the Practice Act in 1851, and on the

ground " that the section applies to all mortgages, as well as those executed before as after its passage." Mr. Chief Justice Field, in *Dutton* v. *Warschauer*, 21 Cal. 619, went much further, and held that under the common law, in the sense in which the Legislature adopted it, a mortgagor, as such, could never have a right of entry on the mortgaged premises. The mortgagee in this case never made any conveyance to the plaintiff, and therefore all the rights now vested in him are to be referred to the Sheriff's deed by which the foreclosure proceedings were consummated.

*Owner of property should be made a party to foreclosure of a mortgage.*

Whether that deed does or does not put the plaintiff in a position to maintain ejectment against the defendants, who hold under Morehead, assignee of Ruckel, the mortgagee, will depend upon whether Morehead is bound by the foreclosure proceedings.

The Constitution provides (Art. I, Sec. 8) that " no person shall be deprived of life, liberty or property, without due process of law;" and if the Act of 1850 contains a provision going, as the plaintiff contends, to the conclusion that Morehead's title was properly divested under proceedings to which he was confessedly a stranger, then the Act is to that extent unconstitutional and void.

But in our judgment the ninth section of the Act of 1850 does not propose to relieve mortgagees from the constitutional necessity of giving all persons whose interests they may seek to compromise by foreclosure decrees a chance to be heard. The section is not to be construed by increments. " The creditor may maintain his action against the mortgagor alone," is a part of the provision. The main and only purpose of the section was to save foreclosure suits from abatement on the ground of non-joinder of incumbrancers whether prior or subsequent. Morehead was not an incumbrancer, but the absolute owner of the mortgaged property in so far as it was covered by his deed from Ruckel. Though not " mortgagor,"

yet he stood in the mortgagor's shoes. The purpose of the section was that the owner of the mortgaged property, at least, should be made a defendant in foreclosure, and the "mortgagor" is put by way of sample or illustration. Otherwise we are driven to the somewhat startling conclusion that it was the intention of the Legislature, in case the mortgagor should convey the whole of the mortgaged property, not only that the suit to foreclose might be brought against the "mortgagor alone," but that the decree obtained in the action should bind his grantee as implicitly as if his name and interest had been represented upon the record.

Judgment affirmed.

Mr. Justice RHODES being disqualified, did not sit in this cause.

Mr. Justice CURREY expressed no opinion.